## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROBINSON G. CHACO,<br><br>Plaintiff,<br><br>vs.<br><br>MINAKO T. CHACO,<br><br>Defendant. | Domestic Court Case No. <u>DM0503-18</u><br><br>**DECISION AND ORDER**<br>**re**<br>**EX PARTE MOTION TO CONTINUE**<br>**TRIAL AND EXTEND DISCOVERY** |

Plaintiff Robinson G. Chaco moves ex parte to continue the trial commencing on January 23, 2019.[1] Finding good cause to continue next week's trial date, the Court GRANTS the Motion.

## I. PROCEDURAL BACKGROUND

Early in this case, the parties asked the Court for a trial date within five months of the Complaint and did not submit a discovery schedule. The Court set a trial date for January 23, 2019. At the Pretrial Conference on January 9, 2019, plaintiff informed the Court that no Answer had been filed and that he had not received responses to his first set of discovery requests.[2] Then, on reviewing Defendant Minako T. Chaco's responses, Plaintiff found them to be insufficient and sent a Notice of Motion to Compel letter to opposing counsel on January 11, 2019. Defendant offered to provide supplemental information to defendant's responses possibly as early as January 16, 2019, but refused to stipulate to continue the trial. Defendant and Plaintiff agree that

---

[1] Attorneys Daron Berman and Michael J. Berman represent Plaintiff Robinson G. Chaco; Attorney Daniel S. Somerfleck represents Defendant Minako T. Chaco.

[2] Defendant filed an Answer the same day of the Pretrial Conference.

ORIGINAL

the primary discovery dispute stems from Plaintiff mislabeling his discovery requests.

Plaintiff requests a continuance of sixty days for discovery, thirty more days after the discovery deadline to file any possible dispositive motions, and for a new trial date to be set thirty days following the dispositive motion deadline. *See* Pl.'s Mot. Continue at 4 (Jan. 14, 2019). In short, he requests a trial date no sooner than May 2019. *Id.*

## II.     **LAW AND ANALYSIS**

Rule 6(b) of the Guam Rules of Civil Procedure imbues the Court with the discretion to extend a deadline for cause if a party makes such a request before the expiration of the original deadline. *See Gov't of Guam v. O'Keefe on behalf of Heirs of Torres Estate*, 2018 Guam 4 ¶ 23; GRCP 6(b) ("the court for cause shown may at any time in its discretion (1) with or without notice or motion order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order...."). As this case involves a custody dispute over a minor child, the Court also notes that its decision should be made in the best interest of the child. *See* 19 GCA 8404(1)(a); *Flores v. Cruz*, 1998 Guam 30 ¶ 11.

The Court finds that good cause to continue exists. Plaintiff should have an opportunity to fully assess the recently filed Answer. While the Answer contains general denials and admissions, it is a pleading which defines Defendant's position on the issues in the Complaint. Also, in seeking an early trial date, the parties did not afford themselves time to conduct discovery. While in hindsight Plaintiff seems to regret this, this Court will not deny the parties an opportunity to conduct discovery. Discovery allows a party to narrow the issues for trial, which conserves judicial resources and expedites resolution. Finally, the Court finds it appropriate to give the parties an opportunity to resolve the discovery dispute. While Plaintiff

ORIGINAL

admittedly erred in mislabeling his discovery requests, such requests are simple and should be resolved prior to trial.

Plaintiff indicates mediation may also occur. The Court encourages the parties to engage in mediation, as the young minor child will benefit from the parties' fleshing out their custody and visitation schedule with a mediator guiding them.

This has been an active case since its inception less than five months ago, and the parties have not unnecessarily delayed the trial. They failed to foresee that the expedited nature of this proceeding would result in overlooked pleadings, insufficient discovery, and inadequate trial preparation. But these failures do no justify rushing a trial, the principal objective of which will determine whether the young child will live here with her dad or in Arizona with her mom. The requested continuance is reasonable and still places this matter within the 18-month time standard.

In the interest of giving the parties more time to engage in discovery, narrow the issues for trial, and further prepare for trial, the Court GRANTS Plaintiff's motion.

## III.    CONCLUSION AND ORDER

The Court GRANTS Plaintiff's Motion to Continue Trial and Extend Discovery. The deadline for all discovery to be completed is March 15, 2019. The deadline for discovery motions is March 22, 2019. The Court will conduct a hearing to determine the trial date on March 27, 2019, at 9:00 a.m.

SO ORDERED this 17th day of January 2019.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Berman
Somerfleck
Date: 1/17/19  Time: 12pm
Deputy Clerk, Superior Court of Guam

ORIGINAL